IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSE KRIMES,                          :
                                       :          CIVIL ACTION
on behalf of himself and all           :          NO. 15-5087
others similarly situated,             :
                                       :
          Plaintiff,                   :
                                       :
     v.                                :
                                       :
JPMORGAN CHASE BANK, N.A., et al.,     :
                                       :
          Defendants.                  :

## O R D E R

**AND NOW**, this **24th** day of **May, 2017**, upon

consideration of "Plaintiff's Unopposed Motion for Final

Approval of Class Action Settlement" (ECF No. 48), "Plaintiff's

Unopposed Motion for Attorneys' Fees, Costs, and Service Awards"

(ECF No. 49), and the Settlement Agreement dated August 1, 2016,

and following this Court's October 26, 2016 Memorandum and Order

granting preliminary approval of the class settlement (ECF Nos.

43-44) as well as an April 12, 2017 final approval hearing, for

the reasons provided in the accompanying memorandum opinion, it

is hereby **ORDERED** that:

1.   Plaintiff's unopposed motion for final approval of the

class action settlement (ECF No. 48) is **GRANTED**;

2.   This Final Order incorporates the Settlement Agreement

and the Preliminary Approval Order. Unless otherwise provided

herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and the accompanying Final Judgment.

3. The Court has jurisdiction over this above-captioned case, and all Parties in the above-captioned Action, including but not limited to, all Settlement Class Members, for all matters relating to this Action and the Settlement Agreement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement Agreement, this Final Order, or the Final Judgment.

## I. THE SETTLEMENT CLASS

4. In the Preliminary Approval Order, the Court preliminarily certified the following Settlement Class:

> All persons in the United States who, up to and including the date of preliminary approval, were issued BOP Debit Cards upon their release from federal correctional facilities as part of the U.S. Debit Card program operated by JPMorgan Chase Bank, N.A. for the United States Treasury Department and the Federal Bureau of Prisons.

5. The Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23.

6. The Court preliminarily determined that Plaintiff Jesse Krimes met the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a), thus qualifying him to

serve as class representative of the Settlement Class, and hereby finally approves that appointment.

7. The Court also preliminarily determined that the following counsel for the Settlement Class met the adequacy requirement of Federal Rule of Civil Procedure 23(a), thus qualifying them to serve as class counsel, and hereby finally approves the appointment of the following counsel as class counsel:

> Ruben Honik, Esq.
> David J. Stanoch, Esq.
> Golomb & Honik, P.C.
> 1515 Market Street, Suite 1100
> Philadelphia PA 19102

## II. CLASS NOTICE

8. The record shows, and the Court finds, that the Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Fairness Hearing (either on

3

their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied the due process requirements of the United States Constitution, Fed. R. Civ. P. 23, and any other applicable law.

9.   Due and adequate notice of the Fairness Hearing having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members except Brett Sheib, who opted out, are bound by this Final Order and the Final Judgment.

**III. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

10.   The Court finds that the Settlement resulted from extensive arms-length, good faith negotiations between Plaintiff and Chase, through experienced counsel, and with the assistance and oversight of an experienced mediator, Mr. Jonathan Marks.

11. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is reasonable and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiff's claims and Chase's defenses.

12.    The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975):

        a.    This case was complex, expensive, and time consuming and would have continued to be so through summary judgment and/or trial if the case had not settled;

        b.    Class counsel had a well-informed appreciation of the strengths and weaknesses of their case while negotiating the settlement;

        c.    Class counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability and/or damages if they decided to continue to litigation rather than settle;

        d.    The settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to both liability and damages.

Accordingly, the Court hereby finally approves in all respects the Settlement, as memorialized in the Settlement Agreement.

13.    The Court held a Fairness Hearing, and did not receive any objections to the settlement.

**IV. DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION**

14.    This Action is hereby **DISMISSED with prejudice** without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

15. The Court approves the Parties' plan to distribute the Class Settlement Fund as set forth in the Settlement Agreement.

16. As provided for in Paragraph 89 of the Settlement Agreement, as of the Effective Date, the Releasing Parties, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Chase and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them (collectively, the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that were or could have been alleged in the Action and result from, arise out of, are based upon, or in any way relate to Chase's possession of

Settlement Class Members' funds, or Settlement Class Members'
access to their funds, as part of the BOP Debit Card Program;
imposition on Settlement Class Members of Chase Fees or ATM
Surcharges in relation to the BOP Debit Card Program; or any
disclosures or other communication to Settlement Class Members
by Chase concerning BOP Debit Cards (the "Released Claims").

17.   As provided for in Paragraph 90 of the Settlement
Agreement, the Released Claims include any claims that a
Releasing Party may have under the law of any jurisdiction,
including, without limitation, those arising under state or
federal law of the United States (including state unfair and
deceptive trade practices statutes); causes of action under the
common or civil laws of any state in the United States,
including but not limited to unjust enrichment, negligence,
bailment, conversion, negligence per se, breach of contract,
breach of implied contract, breach of fiduciary duty, breach of
implied covenant of good faith and fair dealing,
misrepresentation (whether fraudulent, negligent, or innocent),
fraudulent concealment or nondisclosure, rescission, or
reformation; and also including, but not limited to, any and all
claims in any state or federal court of the United States for
damages, injunctive relief, restitution, disgorgement,
declaratory relief, equitable relief, attorneys' fees and

expenses, pre-judgment interest, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

18.  As further provided for in Paragraph 90 of the Settlement Agreement, the Released Claims do not include any claims arising from or relating to any conduct by Chase after the Effective Date.

19.  The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The Court thus hereby permanently bars and enjoins each Releasing Party, including Plaintiff, from directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, filing, commencing, prosecuting, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding in any jurisdiction in which any of the Released Claims is asserted.

**V. OTHER PROVISIONS**

20.  The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over Chase

and each Settlement Class Member (including objectors) regarding the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.

21.  The Parties are hereby directed to implement and consummate the Settlement, as set forth in the terms and provisions of the Settlement Agreement.

22.  Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

23.  In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

## VI.  Attorneys' Fees, Costs, and Service Award

It is hereby further **ORDERED** that Plaintiff's unopposed motion for attorneys' fees, costs, and service awards (ECF No. 49) is **GRANTED**.

24.  Golomb & Honik, P.C., as Plaintiff's Class Counsel, and pursuant to the Settlement Agreement, are hereby awarded attorneys' fees in the amount of $230,312.89, and costs in the amount of $14,687.11, to be paid in accordance with the Settlement Agreement.

25.  Plaintiff Jesse Krimes is hereby awarded a service award in the amount of $5,000.00, to be paid in accordance with the Settlement Agreement.

26.  Within the timeframe contemplated by the Settlement Agreement, Chase shall make a wired deposit into an attorney client trust account to be designated by Class Counsel. After attorneys' fees, costs, and the Service Award have been deposited into this account, Class Counsel shall be solely responsible for allocating such attorneys' fees, costs, and the Service Award.

27.  The Clerk of the Court is hereby directed to mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,  J.**